21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mattie THOMAS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7104.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Mattie Thomas (claimant) appeals the district court's decision upholding the Secretary's denial of disability and supplemental security income benefits. In her application, claimant asserted that she had been disabled since April 1986 due to diabetes mellitus, high blood pressure, arthritis, headaches and problems with her vision, stomach, and gall bladder. The administrative law judge (ALJ) determined, at the fourth step of the applicable five-step sequential analysis, see 20 C.F.R. 404.1520 and 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), that claimant was not disabled because she retained the residual functional capacity (RFC) to return to her past relevant work. The Appeals Council denied review, making the ALJ's determination the Secretary's final decision.
 
 
 4
 This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We cannot reweigh the evidence or substitute our judgment for that of the Secretary.
 
 
 5
 Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991)(citations omitted).
 
 
 6
 On appeal, claimant argues that the ALJ's determination was not supported by substantial evidence because 1)the ALJ failed to consider claimant's obesity and the side effects of her medication; 2)the ALJ failed to consider the effect of all of claimant's impairments, in combination, on her ability to do her past relevant work; and 3)the ALJ failed to consider the specific demands of claimant's past relevant work before determining that she retained sufficient RFC to do that work. Upon consideration of the parties' arguments and the record on appeal, however, we conclude that the record does contain substantial evidence supporting the ALJ's denial of benefits. We, therefore, AFFIRM the district court's decision upholding the Secretary's determination.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation